Filed 4/9/26  Marriage of Taylor and Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

In re the Marriage of ROBERT TAYLOR AND GERALD SMITH.

ROBERT TAYLOR,

      Appellant,

v.

GERALD SMITH,

      Respondent.

E085532

(Super.Ct.No. FLIN2101287)

OPINION

APPEAL from the Superior Court of Riverside County.  Kristi Kirk, Judge.  Affirmed.

Westover Law Group and Andrew L. Westover for Appellant.

Rimon and Jennifer A. Duffy; Price, Postel & Parma and Timothy E. Metzinger for Respondent.

In this marital dissolution action, appellant Robert Taylor argues that the trial court erroneously denied his motion to set aside a stipulation.  (See Code Civ. Proc.,

1

§ 473, subd. (b) (section 473(b)).) Taylor argues his former counsel's failure to review his domestic partnership agreement with respondent Gerald Smith constituted the mistake, inadvertence, or excusable neglect required for the set-aside. We find that the motion was correctly denied and affirm.

## I. BACKGROUND

Anticipating that they would register as domestic partners in Washington, Taylor and Smith entered into a domestic partnership agreement in 2008. The domestic partnership agreement stated that "property, of whatever nature and wherever located, now owned or hereafter acquired by the parties, shall be the common property of both parties, for the parties to use and dispose of as they jointly see fit, unless designated as the separate property of one party in a writing signed by both parties."

Taylor and Smith later married, and in 2021, initiated this marital dissolution action. In August 2022, Taylor produced the domestic partnership agreement in discovery. Three months later, the parties stipulated that various businesses, real properties, and other assets would be Smith's separate property.

In 2023, Taylor moved to set aside the stipulation under section 473(b). He argued that the stipulation should be set aside because his attorney, John Adam Lazor, was not aware that the domestic partnership agreement had stated that all property would be community property, and therefore Taylor "may have sacrificed some community property interests." In an accompanying affidavit, Lazor stated that he did not review the

2

domestic partnership agreement prior to having Taylor sign the stipulation. The trial court denied the motion.

## II.  DISCUSSION

"Section 473(b) contains two distinct provisions for relief from default." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*).)  The so-called mandatory provision "narrowly covers only default judgments and defaults that will result in the entry of judgments.  This provision . . . declares as follows:  'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.'"  (*Id.* at pp. 838-839.)

The mandatory provision does not apply here because it "narrowly covers only default judgments and defaults that will result in the entry of judgments" (*Even Zohar*, *supra*, 61 Cal.4th at p. 838), and a stipulation is neither.  Although Lazor submitted an affidavit of fault with the motion in trial court, Taylor does not contend on appeal that the mandatory provision applies.

3

The other provision, which offers discretionary relief, is "broad in scope:  'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' (§ 473(b).)"  (*Even Zohar*, *supra*, 61 Cal.4th at p. 838.)  The discretionary provision can apply to stipulations.  (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255 ["California courts have consistently held that parties may obtain relief from judgments, dismissals, or stipulations voluntarily entered into pursuant to a voluntary agreement through the discretionary relief provision of section 473"], fn. omitted.)

However, "a party who seeks relief under section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable 'because the negligence of the attorney . . . is imputed to his client and may not be offered by the latter as a basis for relief.'"  (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898.)  "'Mistake is not a ground for relief under section 473, subdivision (b), when "the court finds that the 'mistake' is simply the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law."'"  (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229.)  "'"[T]o warrant relief under section 473[,] a litigant's conduct must have been such as might have been the act of a reasonably prudent person under the same circumstances.  The inadvertence contemplated by the statute does not mean mere

4

inadvertence in the abstract. If it is wholly inexcusable it does not justify relief."'" (*Id.* at p. 230.)

Taylor fails to demonstrate that his former counsel's conduct was excusable. The domestic partnership agreement the parties signed is an essential document governing the status of property in the marriage. That a lawyer hired to represent a party in a divorce would fail to review the terms of a premarital agreement produced in discovery defies justification. Taylor recognizes Lazor's negligence as "possibly" rising to the level of "malpractice," and offers no theory as to why Lazor's conduct was excusable. Lazor, too, does not propose any *reasonable* excuse for the failure. Instead, he obliquely suggests that it was opposing counsel's responsibility to inform him of the contents of a document his own client produced ("If Respondent and/or Respondent's counsel were aware of the transmutation language in the [domestic partnership agreement], neither Respondent nor Respondent's counsel disclosed this information to me."). Under these circumstances, we cannot say that the trial court erred in denying the section 473(b) motion. (See *Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 257 [§ 473(b) motions reviewed for abuse of discretion].)

## III.  DISPOSITION

The order denying Taylor's section 473(b) motion is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:

MILLER

Acting P. J.

FIELDS

J.